```
          IN THE IN THE UNITED STATES DISTRICT COURT
               FOR THE DISTRICT OF MARYLAND
```

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | Criminal No. DKC 16-0484-34 |
| | : | |
| CHAVIA SAVAGE | : | |
| | : | |

**MEMORANDUM OPINION**

Presently pending and ready for resolution in this criminal case is the motion of Petitioner Chavia Savage to seal, itself filed under seal.  (ECF No. 1522).  The issues have been briefed, and the court now rules, no hearing being deemed necessary.  Local Rule 105.6.  For the following reasons, the sealed motion to seal will be denied.

**I.  Background**

On October 5, 2016, Petitioner, a long-time resident of Maryland, was arrested in connection to a wide-scale conspiracy in which she was alleged to have deposited funds for an inmate at Eastern Correctional Institution as part of a drug-ring conducted from within the prison walls.  On September 12, 2017, Ms. Savage was indicted on charges of racketeering in violation of 18 U.S.C § 1962(c) and money laundering conspiracy in violation of 18 U.S.C. § 1956(h), superseding an original indictment against her for racketeering conspiracy and conspiracy to distribute drugs.  The government agreed to allow Ms. Savage to take part in a deferred

prosecution agreement ("DPA") whereby, if she remained out of trouble, the charges would be dismissed against her in a year's time.  This agreement was filed on February 2, 2018.  (ECF No. 1076).  On February 8, 2019, the government filed a motion to dismiss Ms. Savage from the case that stated that the terms of the DPA had been satisfied.  (ECF No. 1409).  This motion was granted that same day.  (ECF No. 1411).

On December 23, 2020, Ms. Savage filed a motion to seal that requests "the Court seal her Consent Sealing Motion and exhibits, and this Motion to seal."[1]  In support of this request, she cites the dismissal and notes the Government's consent to her motion. (ECF No. 1522).  She has also filed a legal memorandum in support of this motion (ECF No. 1523), which includes supportive exhibits (ECF Nos. 1523-1-1523-3), redacted versions of the court proceedings and charging documents that Ms. Savage wishes filed as publicly available versions of those documents she seeks to seal/expunge (ECF Nos. 1523-4-1523-8), and a proposed order (ECF No. 1523-9), all under seal.

In these documents, Ms. Savage appeals to the court's purported equitable discretion to expunge the now-dismissed charges by redacting all reference to her in this matter.  Despite obtaining a degree from Morgan State in December 2016 with these

---

[1] The motion is filed "pursuant to Local Rule 105.11."  That rule does not apply to criminal cases, Local Rule 207.  For that reason, and others, the motion will be denied.

matters ongoing, she complains that the "stigma of her arrest and the pending charges" have continued to cause her problems. In particular, she alleges that sometime after her graduation in December 2016 she applied for an administrative position at Morgan State as part of its Federal Work Study Program "in anticipation of applying to graduate school," but was not hired despite her department's recommendation. She was informed she had "'failed' the program's threshold background check due to the then-pending charges." Instead, she was ultimately hired by an "innovative community development organization" in June 2019. She said the charges also resulted in her termination from Arrow Child and Family Ministries where she worked as a residential counselor for at-risk youth and that she was "almost evicted from her apartment," although it is unclear when these two instances occurred. She requests sealing of "this Court's records of the charges" as it "would have a significant impact to allow her to resume her path to advanced employment, to resume working with troubled youth, and to pursue graduate school." She argues that the collateral consequences and stigma around her charges were enough to convince her, in May 2020, to move to a different state "to try to lessen the[ir] impact." Further, she argues that it has "deterred" her from seeking other forms of employment or applying to graduate school.

**II.   Analysis**

It is unclear whether petitioner's motion should be treated as a motion to seal or a request for expungement.  While Ms. Savage has styled her pending motion a "Consent Sealing Motion," she argues that "federal courts have authority to seal dismissed criminal charges and thereby effectively expunge them."  (ECF No. 1523, at 1) (filed under seal).  In reality, however, this distinction makes little difference to the ultimate outcome. Insofar as the motion is treated as one for expungement, it is denied without prejudice as the court lacks jurisdiction over such a request.  But even if it is treated as a motion to seal, the relevant standard still disfavors granting such relief.

**A.   Expungement**

In *Allen v. Webster*, 742 F.2d 153 (4th Cir. 1984), cited to by Petitioner, the Fourth Circuit followed the Tenth Circuit and found that expungement is allowable under the "equitable discretion" of a district court; it noted, however, that "the power to expunge 'is a narrow one, and should not be routinely used whenever a criminal prosecution ends in an acquittal, but should be reserved for the unusual or extreme case.'"  *Id.* at 155 (citing *United States v. Linn*, 513 F.2d 925, 927 (10th Cir. 1975), *cert. denied*, 423 U.S. 836 (1975) (denying a requested order "prohibiting dissemination of the arrest record" in light of the fact that

4

"dissemination by the FBI of criminal records is explicitly authorized by federal statute and regulation.").

Subsequently, in *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375 (1994), the Supreme Court narrowed such powers, holding that a district court may exercise "ancillary jurisdiction" over such expungement requests only in one of two circumstances: "(1) to permit disposition by a single court of claims that are, in varying respects and degrees, factually interdependent; and (2) to enable a court to function successfully, that is, to manage its proceedings, vindicate its authority, and effectuate its decrees." *Id.* at 379-80 (internal citations omitted). In a case relied on heavily by Petitioner, *United States v. McKnight*, 33 F.Supp.3d 577, 582-83 (D.Md. 2014), Judge Gauvey concluded that *Allen* could be reconciled with *Kokkonen* as "other authority, including authority in this district, indicates that extreme or exceptional circumstances may exist where a Defendant has, for example, been denied a security clearance, specific job opportunities, or has otherwise been materially harmed by the presence of criminal records." *Id.* at 584 (citing *States v. Steelwright*, 179 F.Supp.2d 567, 571 (D.Md. 2002)) (distinguishing two other post-*Kokkonen* cases from district courts within the Fourth Circuit because they involved requests to expunge criminal convictions). In turn, the request to expunge a

5

simple arrest record was found to fall "within the second circumstance identified in *Kokkonen*." *Id.* at 582.

Petitioner, however, fails to note that *all* this caselaw predates the Fourth Circuit's decision in *United States v. Mettetal*, 714 Fed.Appx. 230, 234-35 (4th Cir. 2017). Although unpublished and dealing with a request to expunge a criminal conviction (vacated on Fourth Amendment grounds), *Mettetal* noted a growing trend among its "sister circuits" that *Kokkonen* outright "bars federal courts from invoking ancillary jurisdiction to expunge criminal records for purely equitable reasons." *Id.* at 234 (quoting, among others, *United States v. Dunegan*, 251 F.3d 477, 479 (3d Cir. 2001))) ("finding that, when a petition rests on equitable grounds, 'a District Court does not have the jurisdiction to expunge a criminal record, even when ending in acquittal'"); *see also* 13 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 3523.2 (3d ed. 2020) ("The Seventh Circuit reconsidered its older authority and concluded that district courts lack ancillary jurisdiction to expunge the judicial record in a criminal case on equitable grounds. The Fourth Circuit has now reached the same conclusion. To date, then, eight courts of appeals have agreed that a criminal record may not be expunged on equitable grounds.").[2]

---

[2] The petitioner relies on *United States v. Trzaska*, 781 Fed.Appx. 697, 703 (10th Cir. 2019) as showing that "The factors supporting expungement are at their apex where criminal charges

Subsequent orders in this district have relied on *Mettetal* when denying an expungement request for dismissed charges and have squarely rejected equitable relief sought for "facts collateral to or arising after the case is over." *United States v. Fuller*, No. 8:17-po-1627-TMD, 2020 WL 6710786, at *1 (D.Md. Nov. 6, 2020). This follows a logical proposition around which other courts are coalescing:  a request to expunge records many years after the proceedings have ended does not "enable a court to 'vindicate its authority' or 'effectuate its decrees'" as to fit in the second circumstance allowing for expungement in *Kokkonen*.  *Id.* (quoting *United States v. Wahi*, 850 F.3d 296, 300 (7th Cir. 2017)).  Insofar as the petitioner seeks expungement of her record on equitable grounds, her request will be denied for a lack of jurisdiction.

B.   **Motion to Seal**

Recognizing limits to the court's reach in this matter, the petitioner notes:

> The Court need not decide whether its ancillary expungement jurisdiction includes authority to issue orders directed at the executive branch, such as expungement of the charges from the FBI's NCIC database.  Ms. Savage does not seek such an order. Rather, the Court should exercise its ancillary jurisdiction to seal its own records . . .

---

have been dismissed."  (ECF No. 1523, at 7) (filed under seal). The Tenth Circuit is the only circuit to resist the recent trend. *See Federal Practice and Procedure* § 3523.2, at n. 26.85.

7

(ECF No. 1523, at 8 n. 5) (recognizing elsewhere that the FBI's records are "indelible and un-sealable," although noting their availability only to law enforcement). In that sense, the petitioner is not requesting full expungement, but rather a more limited form of sealing.

There is some authority in this district and circuit for treating a more limited request to seal portions of a criminal record under the usual standard for motions to seal. *United States v. Echols*, No. 13-po-11031, 2017 WL 839527 (D.Md. March. 3, 2017); *United States v. Ware*, No. 5:97CR47-02, 2015 WL 2137133, at *1 (N.D.W.Va. May 7, 2015) *aff'd mem. per curiam*, 627 Fed.Appx. 261 (4th Cir. 2016) ("[T]he defendant requests that this Court seal her criminal record. This Court will therefore construe the defendant's letter as a motion to seal").[3]

This standard sets a very high bar, however:

> It is well settled that the public and press have a qualified right of access to judicial documents and records filed in civil and criminal proceedings. See *Richmond Newspapers, Inc. v. Virginia*, 448 U.S. 555, 580 n. 17, 100 S.Ct. 2814, 65 L.Ed.2d 973 (1980); *Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 597, 98 S.Ct. 1306, 55 L.Ed.2d 570 (1978); *Media Gen. Operations, Inc. v.

---

[3] There, the petitioner expressly said she was not seeking expungement, but the court noted that the request amounts to virtually the same thing. The court went on to note that the petitioner failed under either standard. *Id.* at *1 n.1; *cf. Santiago v. People of V.I.*, S.Ct.Crim. Nos. 2007-052, 2007-053, 2007-051, 2009 WL 792967 (V.I.) (treating a request to seal arrest and booking records for a dismissed criminal case as a request for expungement and denying it).

> *Buchanan*, 417 F.3d 424, 428 (4th Cir. 2005). The right of public access springs from the First Amendment and the common-law tradition that court proceedings are presumptively open to public scrutiny. *Va. Dep't of State Police v. Wash. Post*, 386 F.3d 567, 575 (4th Cir. 2004) . . . The common-law presumptive right of access extends to all judicial documents and records, and the presumption can be rebutted only by showing that "countervailing interests heavily outweigh the public interests in access." *Rushford* [*N.Y. Mag., Inc.*], 846 F.2d [249,] 253 [4th Cir. 1988].

*Doe v. Pub. Citizen*, 749 F.3d 246, 265 (4th Cir. 2014).

Here the "countervailing interests" are Ms. Savage's interest in avoiding the stigma of her indictment, particularly in seeking employment. Such an argument is not without force as the stigma such charges carries is quite real, but Ms. Savage can point only to lost job opportunities while the charges were still pending. (ECF No. 1523, at 4).[4] Petitioner has not demonstrated any concrete forms of harm now that the charges have been dismissed. "The defendant's interests are based on possible employment decisions and other equitable interests that are insufficient to support a finding that the defendant's request should be granted." *Ware*, 2015 WL 2137133, at *2 (noting that motions to seal have been denied in the face of even more compelling interests and collecting cases to that effect).

---

[4] As mentioned, it is entirely unclear when Ms. Savage's dismissal as a counselor or near eviction took place. Her chronology of events, however, implies it took place after arrest, but while she was still working toward her degree at Morgan State.

9

Equally importantly, this court has denied motions to seal where they would be ineffectual. Chief Judge Bredar has noted that, "There is no compelling governmental interest in protecting information that is already public." *Under Armour, Inc. v. Body Armor Nutrition, LLC*, No. JKB-12-1283, 2013 WL 5375444, at *9 n.7 (D.Md. Aug. 23, 2013). The indictment naming Ms. Savage and multiple defendants garnered significant media attention at the time. Her name appears in connection with the indictment on sources already in the public domain. If her request were granted, it would not ultimately achieve her desired ends as her potential employers could still be on notice of her inclusion in the lawfully issued indictments. Petitioner's motion to seal will be denied.

Her request to seal her motion to seal will also be denied. The court is required to "provide public notice of the sealing request and a reasonable opportunity for the public to voice objections." *Doe*, 749 F.3d at 272. By filing the motion to seal itself under seal, Petitioner has prevented public notice function that filing on the public docket normally provides. The motion and exhibits will be unsealed.

## III. Conclusion

For the foregoing reasons, petitioner's sealed motion to seal will be denied. A separate order will follow.

                                               /s/
                               DEBORAH K. CHASANOW
                               United States District Judge